IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRUCE M. MCMEANS,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | A-14-CV-078-LY |
| § | | |
| **CITY OF AUSTIN POLICE** § | | |
| **DEPARTMENT, et al.,** § | | |
| Defendant. § | | |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Bruce M. McMeans's ("McMeans") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in McMeans's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** McMeans *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). McMeans is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion,

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in McMeans's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because McMeans has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A.   **Factual Allegations and Claims**

McMeans provides very little information to guide the Court in its analysis of his claims. Dkt. No. 1, Exh. 1. McMeans is apparently frustrated with a weapons charge on his record that occurred in 1990. *Id.* at 1. According to McMeans, he was finishing a job taking down trees in 1990 when he decided to take a stick from the site and use it to prevent break-ins through a sliding glass door at his apartment. *Id.* McMeans then received an inquiry from one of his co-workers, who wanted to use the stick to train two dogs he recently bought. *Id.* McMeans agreed to give his co-worker the stick and proceeded to take the stick to his co-worker on his motorcycle by sliding the stick into the seat strap. *Id.* Along the way, McMeans allegedly passed an Austin Police Department car, which followed him into his co-worker's apartment lot. *Id.* McMeans contends that the police officer informed him that having the stick placed in that manner on McMeans's motorcycle was illegal. *Id.* Despite support from his co-worker, McMeans was taken to jail based on these events. *Id.* He was later released and told he could sue the City of Austin. *Id.*

McMeans discovered that this weapons charge was on his record in 2010. *Id.* In his attempts to get the weapons charge removed from his record, McMeans apparently encountered multiple obstacles. *Id.* at 2. After a series of setbacks involving his attempts to get the 1990 weapons charge removed from his record, loss of his car, and the loss of a potential job, McMeans seems to have gone directly to the police station to get the 1990 weapons charge removed. *Id.* In doing so, he brought along a sword, still covered with its leather case, to the police station because he had been told that the surrounding area was not safe at night. *Id.* McMeans claims that he did not threaten anyone in any manner with the sword, but that he was subjected to improper treatment and was verbally assaulted by police. *Id.* As with McMeans's other federal case, *see McMeans v. President of the United States*, No. 1:14-CV-079 (W.D. Tex. filed Jan. 27, 2014), it is not clear what remedy he is seeking in this suit.

**B.    Merits of McMeans's Claim**

Broadly construed, McMeans appears to be alleging violations of his civil rights and consequently, is attempting to bring his claims under 42 U.S.C. § 1983. Dkt. No. 1, Exh. 2. He also seems to wish to state various state law tort and statutory claims. *Id.* "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also America Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). In this case, McMeans argues that he was improperly treated by the police and was obstructed in his attempts to remove the 1990 weapons charge from his record. Dkt. No. 1, Exh. 1 at 2. McMeans contends that law enforcement officers verbally assaulted him and mistreated him in 2013. *Id.* However, McMeans alleges no facts or circumstances that would

suggest that the Austin Police Department or the Travis County Sheriff's Department violated a right protected by the Constitution or laws of the United States. In fact, from the information provided, it is not even clear where McMeans was when the 2013 incident occurred. There is also no factual information supporting McMeans's contentions (1) that he was arrested for being an ex-convict or (2) that anyone within the Austin Police Department or the Travis County Sheriff's Department lied under oath or made false statements in legal documents. *See* Dkt. No. 1, Exh. 2. McMeans's complaint has not sufficiently stated a federal claim under 42 U.S.C. § 1983.

As a final note, neither the Austin Police Department nor the Travis County Sheriff's Department is a legal entity capable of being sued. *See, e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); *Guidry v. Jefferson Cnty. Det. Ctr.*, 868 F.Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit). Consequently, McMeans's claims against these two entities must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** McMeans *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** McMeans's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE